# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

| | |
|---|---|
| CRUSOE ENERGY SYSTEMS LLC, § § | |
| Plaintiff, § § | |
| § | Civil Action No. 1:22-cv-2142 |
| v. § | Jury Trial Demanded |
| § | |
| ALKANE MIDSTREAM LLC, § § | |
| Defendant. § § | |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff Crusoe Energy Systems LLC's ("Plaintiff" or "Crusoe) Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion") seeking to enjoin Defendant Alkane Midstream LLC ("Defendant" or "Alkane") and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from using, manufacturing, selling, offering for sale, or importing within the United States the products accused of infringing Crusoe's patents, which include systems that use or are capable of using natural gas to power distributed computing systems ("Accused Products"). Having considered Crusoe's Motion, the Court hereby finds that:

1. Crusoe presented credible evidence that it will succeed at proving infringement of at least one claim of U.S. Patent Nos.: 10,862,307 and 10,862,309;

2. Crusoe presented credible evidence that, if Alkane is not enjoined, Crusoe will be immediately and irreparably harmed by Alkane's use, sales, offers for sale, and manufacture of the Accused Products within the United States, and that this harm will stem from Alkane's infringement of U.S. Patent Nos.: 10,862,307 and 10,862,309;

3. Crusoe presented credible evidence that the harm to Crusoe if a temporary restraining order is not granted outweighs the harm to Alkane if such relief is granted;

4. Crusoe presented credible evidence that the public interest favors granting the requested relief.

For the foregoing reasons, it is therefore **ORDERED** that a Temporary Restraining Order is hereby **GRANTED** and issued to Alkane, its agents, officers, servants, employees, representatives, attorneys, and any other party in active concert or participation with it. Accordingly:

A. Upon finding that Crusoe carried its burden of showing that the equitable factors favor granting a temporary restraining order, this temporary restraining order is granted pursuant to Federal Rule of Civil Procedure 65, 35 U.S.C. § 283, and the inherent equitable powers of the Court.

B. The Court hereby preliminarily **RESTRAINS AND ENJOINS** Alkane, its agents, affiliates, servants, employees, attorneys, and all others in active concert or participation with Alkane, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States of, or importing into the United States, Alkane's Accused Product.

C. The Court hereby preliminarily **RESTRAINS AND ENJOINS** Alkane, its agents, affiliates, servants, employees, attorneys, and all others in active concert or participation with Alkane, from modifying and/or destroying any existed or planned Accused Product and the documents and communications describing same as of the date of filing of Plaintiff's Complaint [ECF No. 1].

- 3 -

D.  This Temporary Restraining Order shall take effect immediately upon deposit in the registry of Court by Crusoe of security in the amount of $_____ or the providing of a bond in this amount and shall remain in effect pending further order of this Court.

**SO ORDERED**.

August _____, 2022 at _____ in the United States District Court for the District of Colorado.

_____
**NINA Y. YANG**
**UNITED STATES DISTRICT JUDGE**