**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**DENVER DIVISION**

| | |
|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | **Civil Action No. 1:22-cv-2142** |
| v. § | **Jury Trial Demanded** |
| **ALKANE MIDSTREAM LLC,** § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S**
**MOTION FOR EXPEDITED DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Crusoe Energy Systems LLC ("Plaintiff" or "Crusoe") respectfully files this Motion for Expedited Discovery ("Motion") against Alkane Midstream LLC ("Defendant" or "Alkane") in connection with Crusoe's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction and respectfully shows the Court as follows:

**INTRODUCTION**

Crusoe seeks an Order permitting expedited written discovery, inspections of the accused Alkane systems at the properties where located, and depositions prior to the Court's hearing on its Preliminary Injunction. Specifically, Crusoe seeks to serve the following categories of written discovery on Plaintiffs, and receive responses thereto, prior to the Court's hearing on Crusoe's Motion for Preliminary Injunction: (i) initial disclosures pursuant to Fed. R. Civ. P. 26, and (ii) limited document requests and request for entry onto land, requests for admission, and interrogatories, which are attached to this Motion as **Exhibits A – C**. In addition, Crusoe seeks to

take the depositions of two (2) of Alkane's fact witnesses and one (1) of Alkane's corporate representatives.[1] Lastly, to facilitate the timely exchange of expedited discovery in advance of the Court's hearing on Crusoe's Motion for injunctive relief, Crusoe requests that the Court enter a schedule governing the expedited discovery requested herein.[2]

At this stage, Crusoe is not seeking broad discovery on the full merits of the claims and/or defenses asserted by the parties. Rather, through this Motion, Crusoe seeks only limited discovery on an expedited basis to obtain information necessary to protect itself against Alkane's wrongful infringement of its patents (collectively, the "Asserted Patents"). For the reasons set forth below, good cause exists for the entry of an order expediting discovery in this case.

## BACKGROUND FACTS

Crusoe is a company that helps the oil industry eliminate routine flaring of natural gas and repurposes the otherwise wasted energy to fuel the growing demand for computational power in the digital economy, including for mining cryptocurrency. Alkane is a competitor company that, according to its website, provides "power and alternative fuel solutions[.]" Alkane Midstream LLC, *available at* https://alkanenrg.com/ (last visited: Aug. 10, 2022). As more fully explained in its Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion"), filed on August 22, 2022, Crusoe is suing Alkane for patent infringement by way of Alkane's selling and offering for sale infringing products, including to Crusoe's Colorado customers.

---

[1] The deposition topics on which Crusoe seeks to depose Alkane's corporate representative are attached to this Motion as **Exhibit D**.

[2] Crusoe has prepared a Proposed Order setting forth the Expedited Discovery Schedule it respectfully requests the Court to enter. Crusoe's Proposed Order is being filed in conjunction with this Motion.

Crusoe seeks a temporary restraining order, preliminary and permanent injunction against Alkane to enjoin Alkane and its affiliates from using, manufacturing, selling, offering for sale, or importing its Accused Product within the United States. Time is of the essence. To preserve the status quo and to protect Crusoe from further harm, a prompt hearing on Crusoe's request for preliminary injunction is necessary. Expedited and narrowly tailored discovery into the facts surrounding Alkane's acts of infringement is essential for Crusoe to provide the Court with an adequate factual record at the preliminary injunction hearing in support of its patent infringement claims and request for injunctive relief.

## ARGUMENT & AUTHORITIES

The Federal Rules of Civil Procedure vest this Court with broad discretion to order expedited discovery upon a showing of "good cause for the requested departure from usual discovery procedures." *Qwest Comm. Intern., Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Col. 2003) (citing Fed. R. Civ. P. 26(b)(2) and 26(d)). In particular, "[t]he good cause standard may be satisfied where a party seeks a preliminary injunction . . ., or where the moving party has asserted claims of infringement[.]" *Id; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.,* 204 F.R.D. 675, 676 (D. Col. 2002) ("Good cause frequently exists in cases involving claims of infringement").

In this case, both conditions are present: Crusoe has a pending request for a temporary restraining order, preliminary and permanent injunctive relief, which is related to its claims of infringement against Alkane. Further, the expedited discovery requested by Crusoe is narrowly tailored to issues related to its claims of infringement that are clearly relevant to the subject matter of Crusoe's pending request for a preliminary injunction. *See Qwest,* 213 F.R.D. at 419 ("in every

case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery"). As set forth in Exhibits A–D to the Motion, Crusoe seeks evidence and testimony reflecting:

- The design and operation of Alkane's Accused Product;
- Alkane's use of the energy harvested by flare gas mitigation to mine cryptocurrency;
- Alkane's agreements with Crusoe's Colorado customers and information concerning the formation and execution of those agreements.

These issues are within Defendant's personal knowledge, and discovery on such narrow issues would not be burdensome to Defendant at this juncture.

## REQUESTED RELIEF

For these reasons, Crusoe requests that the Court enter the Expedited Discovery Schedule set forth in Crusoe's Proposed Order, and Order that prior to any hearing on Crusoe's request for a preliminary injunction:

- Crusoe be permitted to take two (2) expedited depositions of Alkane fact witnesses and one (1) expedited deposition of Alkane's corporate representative;
- Alkane be required to serve responses to Crusoe's written discovery requests and permit entry onto land to inspect the accused Alkane systems, attached hereto as Exhibits A – C; and
- Alkane be required to serve initial disclosures on Crusoe pursuant to Rule 26 of the Federal Rules of Civil Procedure.

In addition, Crusoe asks that the Court rule that this limited, expedited discovery will not preclude or limit future depositions of the same deponent or other discovery if and when discovery

is taken prior to a trial on the merits. The Proposed Order filed in conjunction with this Motion sets forth in greater detail the Expedited Discovery Schedule and related relief requested by Crusoe.

## CONCLUSION

For the foregoing reasons, Plaintiff Crusoe Energy Systems LLC requests that the Court grant this Motion, Order the requested expedited discovery as set forth in this Motion and in Crusoe's Proposed Order, and grant Crusoe all other relief to which it is entitled.

| | |
|---|---|
| Dated: August 22, 2022 | NORTON ROSE FULBRIGHT US LLP<br><br>*/s/* Brett C. Govett<br>Brett C. Govett<br>  brett.govett@nortonrosefulbright.com<br>Taylor Shields<br>taylor.shields@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>2200 Ross Avenue, Suite 3600<br>Dallas, TX  75201-7932<br>Telephone:    (214) 855-8120<br>Facsimile:    (214) 855-8200<br><br>Stephanie DeBrow<br>stephanie.debrow@nortonrosefulbright.com<br>Daniel Shuminer<br>Colorado State Bar No. 53994<br>daniel.shumniner@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br>Telephone:    (512) 563-3094<br>Facsimile:    (512) 536-4598<br><br>*Attorneys for Plaintiff Crusoe Energy Systems LLC* |

**CERTIFICATE OF COUNSEL (D.C.COLO. LCIVR 7.1)**

Alkane was not informed prior to the filing of this action or Motion. Alkane has been served, or is in the process of being served, with the Complaint, this Motion, and all supporting documents. *See* D.C.COLO.LCivR 65.1(a)(2). Plaintiff does not know at this time who is representing Alkane in connection with this action.

*/s/* Brett C. Govett
Brett C. Govett

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 22, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Brett C. Govett
Brett C. Govett