# EXHIBIT A

RESTRICTED DOCUMENT – LEVEL 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**DISTRICT OF DENVER**

| | | |
|---|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| **v.** | § | **Civil Action No. No. 1:22-cv-2142** |
| | § | **Jury Trial Demanded** |
| **ALKANE MIDSTREAM LLC,** | § | |
| | § | |
| ***Defendant*.** | § | |

**PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S FIRST SET OF REQUESTS FOR PRODUCTION (NO. 1-10) AND REQUEST FOR INSPECTION TO DEFENDANT ALKANE MIDSTREAM LLC**

Plaintiff Crusoe Energy Systems LLC ("Crusoe"), by and through the undersigned attorneys in the above-styled and numbered cause of action, hereby serves the following requests for production (the "Requests for Production," each a "Request for Production") and request to permit entry onto land (the "Request for Inspection") pursuant to Rule 34 of the Federal Rules of Civil Procedure on Defendant Alkane Midstream LLC ("Alkane"). Within 7 days after service of these Requests for Production and Request for Inspection, Alkane shall serve a written response to the undersigned attorneys at Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600 Dallas, Texas 75201, and permit the following entry upon and inspection of land or property.

## **DEFINITIONS**

As used in the following Requests for Production and Request for Inspection, the following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized.

1) "**Accused Product**" means Alkane Midstream LLC's flare-gas powered distributed computing system.

2) "**Alkane**", "**Defendant**", "**You**", or "**Your**" means Alkane Midstream LLC.

3) "**Asserted Patents**" means, collectively, U.S. Patent No. 10,862,307 and U.S. Patent No. 10,862,309.

4) "**Complaint**" means Plaintiff's Original Complaint, filed as ECF No. 1 in the above-styled action on August 22, 2022.

5) "**Communication**" means, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, television, e-mail, electronically or radio.

6) "**Crusoe**", or "**Plaintiff**" means Crusoe Energy Systems LLC.

7) "**Custody**," "**control**," or "**possession**" shall mean both in one's physical possession and custody, and when one has the right to secure the document or a copy thereof from another person, corporation, partnership, governmental agency, or entity having physical possession or custody thereof.

8) "**Customer**" means any business entity, well operator, or individual that purchases or agrees to purchase Alkane's flare-gas powered distributed computing system.

9) "**Document**" or "**Documents**" means all documents and tangible things, in the broadest sense allowed by the Federal Rules of Civil Procedure, and includes, without limitation, electronically stored information, paper Documents of any kind, all drafts, correspondence, communications, records, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, surveys, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer

printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. A draft or non-identical copy of any document, whether due to the addition of notes or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents pursuant to this definition, both the electronic and hard copy versions shall be produced. The terms "**Document**" or "**Documents**" are inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

10) "**Gondola**" means Gondola Resources, LLC.

11) "**Mentioning**," "**referring to**," "**relating to**," "**regarding**," and "**reflecting**" shall be interpreted in the broadest sense and shall mean and include, without limitations, the words pertaining to, concerning, referring to, relating to, regarding, reflecting, describing, supporting, opposing, disapproving, constituting, embodying, discussing, involving, memorializing, and dealing with, whether directly or indirectly, or to be otherwise factually, legally or logically connected to the subject matter of the particular request.

12) "**Modiin**" means Modiin Energy NPB, LLC.

13) "**Surprise 4 Pad**" means the well pad located in Jackson County, Colorado operated by Gondola Resources, LLC and Modiin Energy NPB, LLC.

## **INSTRUCTIONS**

1) These Requests for Production (each a "Request," collectively "Requests") cover all documents in your possession, custody, or control, regardless of where they are located, including, but not limited to all documents in the possession, custody or control of agents, accountants, brokers, attorneys, representatives or other agents, and any other person acting on your behalf. If your response to any request is that the document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document and the location of the document.

2) The Requests specifically seek discovery of all responsive data or information that exists in any form, including electronic or magnetic form.

3) All Documents should be produced without alteration and with any and all metadata, exhibits and attachments thereto.

4) These Requests seek discovery of electronic information in native format, or alternatively, as TIFF files with metadata load files.

5) The terms "any" and "all" shall each mean "any and all," as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside the scope.

6) The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside the scope.

7) The present tense of any verb used herein includes the past tense, and the past tense includes the present tense.

8) The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside the scope.

9) If You fail to produce a document requested on the ground that such document is no longer in Your possession, custody, or control, state what disposition was made of that document, the date of such disposition, the contents of the document, and, where applicable, the circumstances of any loss or destruction of such document and the identity of any persons with knowledge of such destruction or loss.

10) The Requests for production are continuing. Responsive documents that are identified, discovered, generated or located after the date of the Requests or Your response to the Requests shall be produced within a reasonable time after they have been identified, discovered, generated or located.

11) If any document responsive to any Request is withheld by reason of any assertion of privilege, You are requested, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), to submit a privilege log stating, for each document withheld, the following information: the privilege claimed; the type of document; the subject matter of the document; the date the document was generated, created, authored or prepared; the date the document was transmitted and/or received; the identities of the author(s) and/or preparer(s) of the document; the identity of any recipients of the document, including recipients of copies of the document; the identity of each Person to whom the contents of the document have been communicated; and the specific request to which the document is responsive.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents and Communications that demonstrate, illustrate, explain or describe the design and operation of the Accused Product, including specifications, design documents, manuals, schematics, service manuals, test results, test reports, test protocols, presentations, training materials, marketing materials, regulatory submissions, and end-user documentation.

**REQUEST FOR PRODUCTION NO. 2:** All Documents and Communications that demonstrate, illustrate, explain or describe the creation and development of the Accused Product, including specifications, design documents, manuals, schematics, service manuals, test results, test reports, test protocols, presentations, training materials, marketing materials, regulatory submissions, and end-user documentation.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and Communications evidencing, regarding, reflecting, or relating to Your building process, site design, or set-up of equipment comprising the Accused Product at any site in the United States (not only in Colorado, Texas, and/or North Dakota), including but not limited to the Surprise 4 Pad.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and Communications evidencing, regarding, reflecting, or relating to any agreement between You and Gondola and/or Modiin.

**REQUEST FOR PRODUCTION NO. 5:** All Documents and Communications between You and any third party, including but not limited to Gondola and/or Modiin, regarding Crusoe.

**REQUEST FOR PRODUCTION NO. 6:** All Documents and Communications between You and any third party, including but not limited to Gondola and/or Modiin, regarding the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and Communications evidencing, regarding, reflecting, or relating to the Accused Product's use or employment of natural gas to generate electricity.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and Communications evidencing, regarding, reflecting, or relating to how the electricity generated by the Accused Product(s) is used, including but not limited to how the electricity generated by the Accused Product(s) is used to power financial transactions and/or mine for cryptocurrency.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and Communications evidencing, regarding, reflecting, or relating to any change or modification to the design and/or operation of the Accused Product since November 1, 2019.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and Communications evidencing, regarding, reflecting, or relating to the pricing and/or cost of Alkane's flare gas mitigation services.

### REQUEST FOR INSPECTION

**REQUEST FOR INSPECTION NO. 1:** Plaintiff requests that Alkane permit Plaintiff, its attorneys, and its designated experts and staff to enter upon and inspect, survey, videotape and photograph Alkane's site layout and operations at each location where Alkane has at any time or is currently performing Bitcoin mining operations, including but not limited to the Surprise 4 Pad, within seven (7) days from the date of service of this request, or some other date mutually agreed upon by the parties, during normal business hours and while Alkane is performing flare gas mitigation operations.

Dated: August 22, 2022

NORTON ROSE FULBRIGHT US LLP

*/s/* Brett C. Govett
Brett C. Govett
   brett.govett@nortonrosefulbright.com
Taylor Shields
taylor.shields@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:     (214) 855-8120
Facsimile:      (214) 855-8200

Stephanie DeBrow
stephanie.debrow@nortonrosefulbright.com
Daniel Shuminer
Colorado State Bar No. 53994
daniel.shumniner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone:     (512) 563-3094
Facsimile:      (512) 536-4598
*Attorneys for Plaintiff Crusoe Energy Systems LLC*

6

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on _____ 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Brett C. Govett
Brett C. Govett