# EXHIBIT B

RESTRICTED DOCUMENT – LEVEL 1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DISTRICT OF DENVER

| | |
|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. 1:22-cv-2142 |
| v. § | Jury Trial Demanded |
| § | |
| **ALKANE MIDSTREAM LLC,** § | |
| § | |
| *Defendant*. § | |

### PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT ALKANE MIDSTREAM LLC (NOS. 1-5)

Plaintiff Crusoe Energy Systems LLC ("Crusoe"), by and through the undersigned attorneys in the above-styled and numbered cause of action, hereby serves the following requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "Requests for Admission," each a "Request for Admission") on Defendant Alkane Midstream LLC ("Alkane"). Within 7 days after service of these Requests, Alkane shall serve a written response to the undersigned attorneys at Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600, Dallas, Texas 75201.

1

## **DEFINITIONS**

As used in the following Requests for Admission, the following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized.

1) "**Accused Product**" means Alkane Midstream LLC's flare-gas powered distributed computing system.

2) "**Alkane**", "**Defendant**", "**You**", or "**Your**" means Alkane Midstream LLC.

3) "**Asserted Patents**" means, collectively, U.S. Patent No. 10,862,307 and U.S. Patent No. 10,862,309.

4) "**Complaint**" means Plaintiff's Original Complaint, filed as ECF No. 1 in the above-styled action on August 22, 2022.

5) "**Communication**" means, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, television, e-mail, electronically or radio.

6) "**Crusoe**", or "**Plaintiff**" means Crusoe Energy Systems LLC.

7) "**Custody**," "**control**," or "**possession**" shall mean both in one's physical possession and custody, and when one has the right to secure the document or a copy thereof from another person, corporation, partnership, governmental agency, or entity having physical possession or custody thereof.

8) "**Customer**" means any business entity, well pad operator, or individual that purchases or agrees to purchase Alkane's products.

9) "**Document**" or "**Documents**" means all documents and tangible things, in the broadest sense allowed by the Federal Rules of Civil Procedure, and includes, without limitation, electronically stored information, paper Documents of any kind, all drafts, correspondence, communications, records, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, surveys, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic

or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored information and recordings. A draft or non-identical copy of any document, whether due to the addition of notes or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents pursuant to this definition, both the electronic and hard copy versions shall be produced. The terms "**Document**" or "**Documents**" are inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

10) "**Gondola**" means Gondola Resources, LLC.

11) "**Mentioning**," "**referring to**," "**relating to**," "**regarding**," and "**reflecting**" shall be interpreted in the broadest sense and shall mean and include, without limitations, the words pertaining to, concerning, referring to, relating to, regarding, reflecting, describing, supporting, opposing, disapproving, constituting, embodying, discussing, involving, memorializing, and dealing with, whether directly or indirectly, or to be otherwise factually, legally or logically connected to the subject matter of the particular request.

12) "**Modiin**" means Modiin Energy NPB, LLC.

13) "**Natural Gas**" means the excess natural gas generated by crude oil extraction, and does not include natural gas liquids ("NGLs").

14) "**Surprise 4 Pad**" means the well pad located in Jackson County, Colorado operated by Gondola Resources, LLC and Modiin Energy NPB, LLC.

## INSTRUCTIONS

1) You are required to answer these Requests drawing upon all materials in your possession, ownership, custody, or control, including materials that you have a right to secure from any other source. You must provide all information in response to an Interrogatory that is known to you, your agents, employees, accountants, or attorneys, or which appears in your records. You must answer to the best of your ability, even if the most complete answer would require access to materials beyond your control. If you cannot answer an Interrogatory after conducting a reasonable investigation, you should answer to the extent you can, stating what information you do have, what information you cannot provide, and what efforts you made to obtain the unknown information.

2) In the event that you file a proper and timely objection to any Request, answer all portions of that Request that do not fall within your objection.

3

3) These Requests are continuing in nature and any additional information discovered or identified by you subsequent to the date of your response, up to and including the time of trial, shall be promptly furnished to undersigned counsel.

4) The terms "any" and "all" shall each mean "any and all," as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside the scope.

5) The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside the scope.

6) The present tense of any verb used herein includes the past tense, and the past tense includes the present tense.

7) The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of these Requests all information that might otherwise be construed to be outside the scope.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that, before the Complaint was filed, You were aware of at least one of the Asserted Patents.

**REQUEST FOR ADMISSION NO. 2:** Admit that, before the Complaint was filed, You reviewed publicly available information about Crusoe's products.

**REQUEST FOR ADMISSION NO. 3:** Admit that the Accused Product uses or has used electricity generated by natural gas to mine for cryptocurrency.

**REQUEST FOR ADMISSION NO. 4:** Admit that, before November 1, 2019, the Accused Product never used electricity generated by natural gas to mine for cryptocurrency.

**REQUEST FOR ADMISSION NO. 5:** Admit that the flare gas mitigation services Alkane is providing to Gondola and/or Modiin include mining for cryptocurrency.

**REQUEST FOR ADMISSION NO. 6:** Admit that Ed Woods was present for Charles ("Cully") Cavness's presentation to the North Dakota Energy Development and Transmission Committee on November 14, 2019.

**REQUEST FOR ADMISSION NO. 7:** Admit that Ed Woods was present for Charles ("Cully") Cavness's presentation at the NPDC Technical Solutions meeting hosted by ConocoPhillips on March 3, 2020.

**REQUEST FOR ADMISSION NO. 8:** Admit that Alkane plans to perform Bitcoin mining in connection with its operations at the Surprise 4 Pad.

**REQUEST FOR ADMISSION NO. 9:** Admit You have been aware of Crusoe's Digital Flare Mitigation® system using stranded natural gas to power cryptocurrency mining since November 14, 2019.

**REQUEST FOR ADMISSION NO. 10:** Admit You were aware Crusoe and Gondola and/or Modiin had an existing agreement related to flare mitigation services at the Surprise 4 Pad when you began negotiations with Gondola and/or Modiin to provide those same services.

| | |
|---|---|
| Dated: August 22, 2022 | NORTON ROSE FULBRIGHT US LLP<br><br>*/s/* Brett C. Govett<br>Brett C. Govett<br>   brett.govett@nortonrosefulbright.com<br>Taylor Shields<br>taylor.shields@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>2200 Ross Avenue, Suite 3600<br>Dallas, TX  75201-7932<br>Telephone:     (214) 855-8120<br>Facsimile:      (214) 855-8200<br><br>Stephanie DeBrow<br>stephanie.debrow@nortonrosefulbright.com<br>Daniel Shuminer<br>Colorado State Bar No. 53994<br>daniel.shumniner@nortonrosefulbright.com<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Boulevard, Suite 1100<br>Austin, Texas 78701<br>Telephone:     (512) 563-3094<br>Facsimile:      (512) 536-4598<br>*Attorneys for Plaintiff Crusoe Energy Systems LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on _____ 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this

5

document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

<u>s/ Brett C. Govett</u><br>
Brett C. Govett