# EXHIBIT C

RESTRICTED DOCUMENT – LEVEL 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DISTRICT OF DENVER

| | |
|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. 1:22-cv-2142 |
| v. § | Jury Trial Demanded |
| § | |
| **ALKANE MIDSTREAM LLC,** § | |
| § | |
| *Defendant*. § | |
| § | |

**PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT ALKANE MIDSTREAM LLC (NOS. 1-10)**

Plaintiff Crusoe Energy Systems LLC ("Crusoe"), by and through the undersigned attorneys in the above-styled and numbered cause of action, hereby serve the following interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure (the "Interrogatories," each an "Interrogatory") on Defendant Alkane Midstream LLC ("Alkane"). Within 7 days after service of these Interrogatories, Alkane shall serve a written response to the undersigned attorneys at Norton Rose Fulbright US LLP, 2200 Ross Avenue, Suite 3600 Dallas, Texas 75201.

1

# DEFINITIONS

As used in the following Interrogatories, the following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized.

1) "**Accused Product**" means Alkane Midstream LLC's flare-gas powered distributed computing system.

2) "**Alkane**", "**Defendant**", "**You**", or "**Your**" means Alkane Midstream LLC.

3) "**Asserted Patents**" means, collectively, U.S. Patent No. 10,862,307 and U.S. Patent No. 10,862,309.

4) "**Complaint**" means Plaintiff's Original Complaint, filed as ECF No. 1 in the above-styled action on August 22, 2022.

5) "**Communication**" means, without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, both communications and statements which are face-to-face and those which are transmitted by media such as intercoms, telephones, television, e-mail, electronically or radio.

6) "**Crusoe**", or "**Plaintiff**" means Crusoe Energy Systems LLC.

7) "**Custody**," "**control**," or "**possession**" shall mean both in one's physical possession and custody, and when one has the right to secure the document or a copy thereof from another person, corporation, partnership, governmental agency, or entity having physical possession or custody thereof.

8) "**Customer**" means any business entity, educational institution, or individual that purchases or agrees to purchase Alkane's products.

9) "**Document**" or "**Documents**" means all documents and tangible things, in the broadest sense allowed by the Federal Rules of Civil Procedure, and includes, without limitation, electronically stored information, paper Documents of any kind, all drafts, correspondence, communications, records, memoranda, notes, diaries, statistics, letters, electronic mail, text messages, electronic files of any type or nature, all other forms of electronic communication, telegrams, minutes, contracts, reports, studies, surveys, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations or recordings of any sort regarding conversations, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, worksheets, and each and every electronic or paper draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including, without limitation, tapes, cassettes, disks, computer generated or stored

information and recordings. A draft or non-identical copy of any document, whether due to the addition of notes or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents pursuant to this definition, both the electronic and hard copy versions shall be produced. The terms "**Document**" or "**Documents**" are inclusive of the term "Communication" and all electronically stored information, as referenced in Federal Rule of Civil Procedure 34.

10) "**Gondola**" means Gondola Resources, LLC.

11) "**Mentioning**," "**referring to**," "**relating to**," "**regarding**," and "**reflecting**" shall be interpreted in the broadest sense and shall mean and include, without limitations, the words pertaining to, concerning, referring to, relating to, regarding, reflecting, describing, supporting, opposing, disapproving, constituting, embodying, discussing, involving, memorializing, and dealing with, whether directly or indirectly, or to be otherwise factually, legally or logically connected to the subject matter of the particular request.

12) "**Modiin**" means Modiin Energy NPB, LLC.

13) "**Person**" means any individual, firm, association, organization, joint venture, partnership, corporation, or other business or government entity.

14) "**Surprise 4 Pad**" means the well pad located in Jackson County, Colorado operated by Gondola Resources, LLC and Modiin Energy NPB, LLC.

## INSTRUCTIONS

1) You are required to answer these Interrogatories drawing upon all materials in your possession, ownership, custody, or control, including materials that you have a right to secure from any other source. You must provide all information in response to an Interrogatory that is known to you, your agents, employees, accountants, or attorneys, or which appears in your records. You must answer to the best of your ability, even if the most complete answer would require access to materials beyond your control. If you cannot answer an Interrogatory after conducting a reasonable investigation, you should answer to the extent you can, stating what information you do have, what information you cannot provide, and what efforts you made to obtain the unknown information.

2) In the event that you file a proper and timely objection to any Interrogatory, answer all portions of that Interrogatory that do not fall within your objection.

3) These Interrogatories are continuing in nature and any additional information discovered or identified by you subsequent to the date of your response, up to and including the time of trial, shall be promptly furnished to undersigned counsel.

4) The terms "any" and "all" shall each mean "any and all," as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside the scope.

3

5) The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside the scope.

6) The present tense of any verb used herein includes the past tense, and the past tense includes the present tense.

7) The use of the singular form of any word includes the plural and vice versa as necessary to bring within the scope of these Interrogatories all information that might otherwise be construed to be outside the scope.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all Persons who You believe have knowledge of relevant facts and identify the issues upon which You believe they have knowledge.

**INTERROGATORY NO. 2:** Identify (1) each offer for sale or sale of the Accused Product(s), including the nature of each offer or sale, dates of each offer or sale, the products offered or sold, the buyer, distributor, or contractor involved in each offer or sale, and (2) the individuals at Alkane involved in each offer or sale. Your identification should also identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 3:** Describe in detail the circumstances surrounding how and when You first became aware of Plaintiff and Plaintiff's products, and identify the Persons most knowledgeable at Alkane regarding the same, including all Persons with knowledge of such facts and circumstances (including any Persons who were consulted to obtain the factual basis for Your response) and dates of awareness. Your description should identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 4:** Describe in detail (1) the creation and development of the Accused Products and (2) any use of—or reference made to—Plaintiff's products in the creation or development of the Accused Products, including any efforts to reverse engineer or replicate Plaintiff's products or distinguish the Accused Products. Your description should identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 5:** Describe in detail how the design and/or operation of the Accused Product has been changed or modified since November 1, 2019. Your description should identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 6:** Describe in detail how the Accused Product (1) consumes natural gas to generate high-voltage electrical output, (2) transforms the high-voltage electrical output into a low-voltage electrical output, which (3) powers a computing system. Your description should identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 7:** Describe in detail when and under what circumstance You became aware of the existence of the Asserted Patents and what actions You took upon becoming aware of the Asserted Patents, including any efforts by You or any other Person or entity to assess the validity, infringement or enforceability of the Asserted Patents or to design around or avoid infringement of the Asserted Patents, any efforts by You to gather information and download

Documents and Communications from Crusoe's website, the identity of all Persons with knowledge of such facts and circumstances, and the dates of awareness.

**INTERROGATORY NO. 8:** Separately for each Asserted Claim of the Asserted Patents, identify all legal and factual bases for your contention that such claim is not infringed by the Accused Products, including a chart that sets forth each claim element that you contend is not satisfied by the Accused Products along with a substantive, particularized description of why you contend that element is not satisfied, including citation to specific components and functionality of the Accused Products. Your identification should also identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 9:** Identify and describe in detail the circumstances surrounding Your agreement with Gondola and Modiin to provide flare gas mitigation services at the Surprise 4 Pad. Your description should identify by Bates number all Documents and Communications related to Your response.

**INTERROGATORY NO. 10:** Describe in detail the design and/or set-up of the Accused Product(s) at the sites where Alkane provides flare gas mitigation services, including but not limited to the Surprise 4 Pad, including descriptions and relative locations of the component parts comprising the Accused Product. Your description should identify by Bates number all Documents and Communications related to Your response.

Dated: August 22, 2022

NORTON ROSE FULBRIGHT US LLP

*/s/* Brett C. Govett
Brett C. Govett
    brett.govett@nortonrosefulbright.com
Taylor Shields
taylor.shields@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:     (214) 855-8120
Facsimile:      (214) 855-8200

Stephanie DeBrow
stephanie.debrow@nortonrosefulbright.com
Daniel Shuminer
Colorado State Bar No. 53994
daniel.shumniner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone:     (512) 563-3094
Facsimile:      (512) 536-4598

*Attorneys for Plaintiff Crusoe Energy Systems LLC*