IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02142-NYW

CRUSOE ENERGY SYSTEMS LLC, a Delaware limited liability company,

    Plaintiff,

  v.

ALKANE MIDSTREAM LLC, a Delaware limited liability company,

    Defendant.

## DEFENDANT ALKANE MIDSTREAM LLC'S OPPOSITION TO PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S MOTION TO RESTRICT [ECF 13]

      Defendant Alkane Midstream LLC opposes Plaintiff Crusoe Energy System LLC's motion to restrict [ECF No. 13] because Crusoe has failed to use the least restrictive means necessary to protect confidential information, such as by using redactions. The redactions Crusoe has proposed in conferrals are inappropriate because Crusoe seeks to redact information that it has put at issue in public filings. Crusoe also improperly seeks to have documents be deemed Outside Attorneys' Eyes Only ("AEO") under a Level 1 restriction, which is an inappropriate use of the Level 1 restriction and hampers Alkane's ability to prepare its defenses. Lastly, Crusoe seeks to restrict access to discovery requests that were exhibits to its motion for expedited discovery. There is no privacy interest in these requests that outweighs the public's interest in them, and they should be disclosed.

## ARGUMENT

**I.     The Court should order Crusoe to publicly file ECF Nos. 8, 8-1, 8-2, and 10 with limited redactions.**

    **A.     Crusoe fails to explain why alternatives to restriction cannot be used.**

"There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, No. 18-CV-01897-DDD-NYW, 2020 WL 7979022, at *1 (D. Colo. Nov. 3, 2020). The court has discretion to restrict public access to judicial records if the "right of access is outweighed by competing interests." *Id.* Local Rule 7.2 reflects this balance. It requires that the party seeking to restrict access to a court filing "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits). . . ." D.C.Colo.LCivR 7.2(c)(4).

Crusoe's motion seeks to restrict access to numerous documents: ECF Nos. 8, 8-1, 8-2, 10, 12, 12-1, 12-2, and 12-3. Yet, Crusoe never explains why alternatives to restriction are unavailable. For instance, Crusoe does not explain why the restricted documents cannot be redacted, with the remainder of the documents made publicly-available. This is likely because Crusoe's motion largely relies on "generalized allusion[s] to confidential information," which this court noted is "insufficient" to warrant restriction. *Advance*, 2020 WL 7979022, at *2 (quoting *Jetaway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826-27 (10th Cir. 2014)). Indeed, the only basis Crusoe provides for restriction is the existence of a privately-negotiated confidentiality provision. Such agreements concerning confidentiality are generally insufficient to

2

justify restriction. *Id*.

Therefore, full-blown restriction is not appropriate here. *See* D.C.Colo.LCivR 7.2(c)(4). Indeed, Crusoe now appears to agree and has proposed redactions to ECF Nos. 8, 8-1, and 10 in its post-filing conferrals on this motion. However, the redactions Crusoe proposes to pricing terms in the currently-restricted documents are not appropriate. Crusoe has made an alleged pricing disparity between Crusoe and Alkane a pillar of its public filings. In its Complaint, Crusoe publicly alleges that "Alkane offered to pay the Colorado Producers a significantly higher price than Crusoe . . . ." ECF No. 1, ¶ 47. In its motion for temporary restraining order, Crusoe publicly and repeatedly assails Alkane for improper pricing tactics, alleging: "Alkane will continue soliciting Crusoe's customers with unfair and unsustainable financial terms;" "Alkane can structure its deals more favorably because it is a coat-tail rider that copied Crusoe's innovation;" Crusoe's customers are allegedly "lured to switch to Alkane through the promise of more favorable financial terms;" and Alkane allegedly "poach[ed] customers by giving more favorable financial terms." ECF No. 9, pp. 14-15. Crusoe has squarely put a pricing dispute in the public eye. The public now has a strong interest in determining the veracity of it, just as Alkane has an equally strong interest in evaluating and disputing it. Therefore, Crusoe should not be permitted to redact the pricing information on which it relies for its public allegations.[1]

In summary, Alkane requests the Court order Crusoe to publicly file ECF Nos. 8, 8-1, 8-2 and 10 with limited redactions to confidential and commercially sensitive information in the documents except for the pricing information in each document on which Crusoe relies for its

---

[1] At a minimum, such redactions should not be designated Outside Attorneys' Eyes Only for the reasons in Section I(B) below.

3

public pricing allegations.

### B. Restricting public access to documents is distinct from an AEO designation.

Crusoe's motion seeks a Level 1 restriction. Under Local Rule 7.2, Level 1 restriction limits access "to the parties and the court." D.C.Colo.LCivR 7.2(b). Nevertheless, Crusoe seeks to limit access to "*outside counsel* and the Court." ECF No. 13, pp. 1 & 3 (emphasis added). This is improper. An AEO designation is generally established in a protective order under Federal Rule of Civil Procedure 26, and not through a motion to restrict public access under Local Rule 7.2. Crusoe's motion to restrict also does not make the necessary showing to establish that redacted information in ECF Nos. 8, 8-1, and 10 needs to be protected with an AEO designation.

AEO designations should be used sparingly. This is because "discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious." *Glob. Material Techs., Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015). Such is the case here. As stated above, Crusoe repeatedly assails Alkane for its pricing tactics and then seeks to withhold pricing information from Alkane itself. Alkane cannot evaluate the merits of this claim, much less participate in its own defense, without knowing the underlying facts. Therefore, Crusoe should not be permitted to use a Level 1 restriction to designate any information, including pricing information, as AEO.

In summary, the Court should order that ECF Nos. 8, 8-1, 8-2, and 10 be made publicly available with appropriate redactions under a Level 1 restriction, with unredacted copies being made available to "the parties and the court" as the local rules provide.

4

**II.  Crusoe's discovery requests filed with the Court, ECF Nos. 12, 12-1, 12-2, and 12-3, should be publicly accessible.**

Crusoe seeks an order restricting access to exhibits it filed with the Court (ECF Nos. 12, 12-1, 12-2, and 12-3) because they are discovery requests that are not ordinarily filed. Alkane opposes Crusoe's motion because these are not grounds to restrict under Local Rule 7.2. While true that discovery requests are not typically filed with the Court during discovery, requests can be filed when they are the subject of a motion. *See, e.g.,* D.C.Colo.LCivR 37.1. That is precisely what happened here. The requests were filed as exhibits to a motion for expedited discovery in which Crusoe has asked the Court for relief. There is no privacy interest in the discovery requests that outweighs the public's interest in access to the full Court record. Therefore, the Court should not restrict public access to the discovery requests.

## CONCLUSION

The Court should order Crusoe to publicly file ECF Nos. 8, 8-1, 8-2, and 10, with limited redactions to non-pricing information, and to make the unredacted copies available to the "parties" and not just to outside counsel.  The Court should also order ECF Nos. 12, 12-1, 12-2, and 12-3 to be publicly-available because there is no privacy interest in the documents that outweighs the public interest.

Respectfully submitted this 1st day of September, 2022.

s/ *Ryan M. Sugden*
Ryan M. Sugden
STINSON LLP
1144 Fifteenth St., Suite 2400
Denver, Colorado 80202
Phone:  303.376.8405
Fax No.: 303.578.7985
Email: ryan.sugden@stinson.com

CORE/9991000.2234/176655578.1

6

*Attorneys for Defendant Alkane Midstream LLC*

CORE/9991000.2234/176655578.1