IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | |
|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § Civil Action No. 1:22-cv-2142 |
| | § Jury Trial Demanded |
| **ALKANE MIDSTREAM LLC,** | § |
| | § |
| *Defendant.* | § |

**PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S
REPLY IN SUPPORT OF MOTION TO RESTRICT ACCESS**

Crusoe respectfully files this Reply in Support of its Motion to Restrict Access ("Motion") [ECF No. 13]. There are two issues that warrant the Court's attention with respect to Crusoe's Motion: (1) whether the Court will enter an order requiring Crusoe to publicly disclose certain information concerning the agreement between Crusoe and the Colorado Producers ("Agreement"); and (2) whether the redactions and AEO designations proposed by Crusoe are appropriate to protect sensitive competitive and financial information.[1]

As to the first issue, while Crusoe does not oppose Alkane's request that the Court enter an order requiring public disclosure of certain information concerning the Agreement, Crusoe's view is that the confidentiality provision in the Agreement bars Crusoe from voluntarily disclosing such information. *See* ECF No. 8 at § 14(a). As to the second issue, Crusoe proposes redactions that are narrowly tailored to protect the most sensitive competitive and financial information.

---

[1] Crusoe made its positions on these issues known to Alkane's counsel during the meet and confer process, but the parties were unable to reach agreement on all issues. *See* Exs. A and B.

Page 1

Accordingly, Crusoe respectfully requests that this Court enter an order on its Motion to Restrict Access which permits Crusoe to make to make its proposed redactions to ECF Nos. 8, 8-1, and 10.

A.   **Crusoe is Prohibited from Disclosing Certain Information Absent a Court Order.**

The confidentiality provision of the Agreement between Crusoe and the Colorado Producers, bars disclosure of (a) the existence of the Agreement, (b) the parties to the Agreement, and (c) information concerning the activities contemplated under the Agreement. *See* ECF No. 8 at § 14(a) (emphasis added); *see also* ECF No. 13 at 2. Voluntary disclosure of such information constitutes a material breach of the Agreement. *See* ECF No. 8 at § 6 ("[i]f either Party . . . fails to perform any of the terms of this Agreement, . . . the other Party (the '**Non-Defaulting Party**') may treat such default as a material breach of the entire Agreement"). Further, the Agreement contemplates consequential damages for a breach of the confidentiality provision. *Id.* at § 15(e) ("***Except for breach of any provision of Section 14 (Non-Disclosure)***, in no event will either Party be liable to the other under this Agreement for Consequential Damages.") (emphasis added).

Accordingly, Crusoe filed under seal documents containing information that would disclose the existence of the Agreement, the identity of the parties thereto, and/or the activities contemplated thereunder. Such documents include ECF Nos. 8, 8-1, 8-2, 10, 12, 12-1, 12-2, and 12-3.[2] Nevertheless, Crusoe recognizes the need for as much information as possible to be accessible to the public. Thus, pursuant to the Court's instructions during the August 31, 2022 Status Conference, Crusoe reevaluated each of the documents filed under seal to determine

---

[2] Alkane erroneously contends that Crusoe seeks an order restricting access to ECF Nos. 12, 12-1, 12-2, and 12-3 simply "because they are discovery requests that are not ordinarily filed." *See* ECF No. 25 at 5. That is not true. Like the other documents that are the subject of Crusoe's Motion, Crusoe filed the discovery requests under seal because they disclose the identities of the parties to the Agreement, which are confidential under § 14(a) of the Agreement. *See* ECF No. 8.

whether Crusoe could voluntarily make any such documents publicly available without risking breach of the Agreement.

Crusoe hereby withdraws its request to restrict ECF Nos. 12, 12-2, and 12-3. For the remainder of the documents filed under seal—ECF Nos. 8, 8-1, 8-2, 10, and 12-1—Crusoe does not oppose Alkane's request that this Court enter an order requiring public disclosure of the documents. As explained below, however, Crusoe respectfully submits that redaction of sensitive competitive and financial information contained in ECF Nos. 8, 8-1, and 10 is necessary.

B. **Redaction is Necessary to Protect Sensitive Competitive and Financial Information.**

During the meet and confer process, Crusoe proposed redactions to ECF Nos. 8, 8-1, and 10 that are narrowly tailored to limit access to only the most sensitive competitive and financial information.[3] Specifically, Crusoe identified three categories of information that should be redacted: (1) pricing information and financial deal-terms, (2) gas volumes and specifications required by Crusoe, and (3) the identities of Crusoe's lenders.

Crusoe seeks to redact information in categories (1) and (2) because the information is highly confidential and particularly sensitive given its competitive significance. Although Crusoe acknowledges the public has a strong public interest in reviewing the arguments and evidence presented to the Court, "a party may overcome the presumption of public access where the records contain trade secrets" or "business information that might harm a litigant's competitive standing[.]" *Advance Trust & Life Escrow Services, LTA v. Security Life of Denver Ins. Co.,* 2020 WL 7979022, at *2 (D. Col. Nov. 3, 2020) (internal citations and quotations omitted). The

---

[3] Copies of ECF Nos. 8, 8-1, and 10 identifying Crusoe's proposed redactions and AEO designations will be emailed to the Court in conjunction with this filing.

disclosure of information contained in ECF Nos. 8, 8-1, and 10 concerning Crusoe's pricing information, financial deal-terms, and gas volumes and specifications would damage Crusoe's competitive position beyond that already sustained as a result of Alkane's infringement.

The information in category (3)—the identities of Crusoe's lenders—is not only highly sensitive financial information, but also irrelevant to the issues in this litigation.  Crusoe's private interest in redacting such information thus outweighs the presumption of public access, particularly as "[t]here is minimal public interest in materials that are filed with the Court that are irrelevant to the Court's substantive determination."  *Reyes v. Col. Div. of Reclamation Mining and Safety,* 2019 WL 3496947, at *8 (D. Col. Jul. 29, 2019).

Alkane appears to dispute only Crusoe's proposed redaction of pricing information, arguing that such information should be made public given Crusoe's allegations concerning Alkane's "improper pricing tactics."  *See* ECF No. 25 at 3-4.  But publicly disclosing Crusoe's specific pricing is not necessary to allow the public to "obtain an adequate appreciation of the issues and evidence."  *Western Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.,* 970 F.Supp. 2d 1162, 1192 (D. Col. 2013) (holding that disclosure of "the precise prices charged" and "the specific quantities of fuel sold" pursuant to a fuel supply contract was not required because the public could "obtain an adequate appreciation of the issues and evidence" from the Court's use of "fictionalized numbers or general statements of quantities or ranges").  Thus, Crusoe respectfully requests that the Court permit Crusoe's proposed redactions of sensitive competitive and financial information contained in ECF Nos. 8, 8-1, and 10.

C.  **AEO Restriction is Necessary to Protect Competitively Sensitive Pricing Information.**

In addition, because the information identified in categories (1)-(3) above is highly

confidential and competitively/financially sensitive, Crusoe submits that such information should be designated Attorneys' Eyes Only ("AEO") under the Protective Order. The dispute over the propriety of Crusoe's AEO designations appears to be limited to pricing information.[4] *See* ECF No. 25 at 4. Alkane argues that AEO designation is improper because Crusoe's pricing information is relevant to Alkane's defenses. *Id*. But the fact that information may be relevant to claims or defenses in litigation does not mandate unfettered access to that information by a party's corporate representatives, particularly where the parties are competitors. *See A Major Difference, Inc. v. Wellspring Products, LLC,* 243 F.R.D. 415, 417-18 (D. Col. 2006) (holding plaintiff was not entitled to an order permitting its corporate representative to review competitor's sales, pricing and profits information, and other proprietary or confidential business information even though the information was likely relevant to the parties' claims and defenses). Thus, Crusoe respectfully requests that the Court permit Crusoe's proposed AEO designation of sensitive competitive and financial information contained in ECF Nos. 8, 8-1, and 10.

## CONCLUSION

For the foregoing reasons, Crusoe respectfully requests that the Court enter an order permitting Crusoe's (1) proposed redactions to ECF Nos. 8, 8-1, and 10, and (2) AEO designation of the pricing information, financial deal-terms, and gas volumes and specifications contained in ECF Nos. 8, 8-1, and 10.

---

[4] Alkane does not appear to dispute AEO designation of other information in category (1) (*i.e.*, financial deal terms), nor information in categories (2) and (3) (*i.e.*, gas volumes/specifications, and the identities of Crusoe's lenders). *See* ECF No. 25 at 3-4.

Dated: September 6, 2022

Respectfully submitted,

*/s/* Brett C. Govett
Brett C. Govett

Brett C. Govett
brett.govett@nortonrosefulbright.com
Taylor Shields
taylor.shields@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

Stephanie DeBrow
stephanie.debrow@nortonrosefulbright.com
Daniel Shuminer
daniel.shuminer@nortonrosefulbright.com
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 563-3094
Facsimile: (512) 536-4598

*Attorneys for Plaintiff Crusoe Energy Systems LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

/s/ Brett C. Govett
Brett C. Govett