# Exhibit A

**PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S REPLY IN SUPPORT OF MOTION TO RESTRICT ACCESS**

# Stephanie DeBrow

| | |
|---|---|
| **From:** | Sugden, Ryan <Ryan.Sugden@stinson.com> |
| **Sent:** | Thursday, September 1, 2022 5:46 PM |
| **To:** | Stephanie DeBrow; Brett C. Govett |
| **Cc:** | Schroeder, John R.; Taylor Shields; Daniel Shuminer |
| **Subject:** | RE: Conferral on motion to restrict |

I don't believe there is anything else we need to discuss. Thanks for conferring on this.

Ryan

**Ryan M. Sugden**
Partner

STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Direct: 303.376.8405  \  Bio

stephanie.debrow@nortonrosefulbright.com

# NORTON ROSE FULBRIGHT

**From:** Sugden, Ryan <Ryan.Sugden@stinson.com>
**Sent:** Thursday, September 1, 2022 4:32 PM
**To:** Stephanie DeBrow <stephanie.debrow@nortonrosefulbright.com>; Brett C. Govett <brett.govett@nortonrosefulbright.com>
**Cc:** Schroeder, John R. <john.schroeder@stinson.com>; Taylor Shields <taylor.shields@nortonrosefulbright.com>; Daniel Shuminer <daniel.shuminer@nortonrosefulbright.com>
**Subject:** RE: Conferral on motion to restrict

Stephanie:

Alkane will be filing a response to Crusoe's motion to restrict. Specifically, we agree that ECF Nos. 8, 8-1, 8-2, and 10 should be made publicly available with redactions (though I don't believe you propose any redactions to 8-2, so that document will just be made public, correct?). However, we disagree with some of those redactions you propose. Crusoe has made Alkane's alleged pricing tactics a central component of its complaint and motion for TRO. Now that Crusoe has put these issues in the public domain, we do not believe pricing information should be redacted. At a minimum, such information should not be given an AEO designation given how important the information is for Alkane to defend itself against these public claims.

With respect to the discovery requests, we believe they should be publicly filed because they were attached to your motion for expedited discovery. While I acknowledge that discovery requests are not filed in the ordinary course of discovery, they can be as part of motion practice. *See* Local Rule 37.1. We don't see a privacy interest in the requests that overrides the public interest in accessing court records. *See* Local Rule 7.2.

I'm available the balance of the afternoon to discuss if you would like.

**Ryan M. Sugden**
Partner

STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Direct: 303.376.8405  \  Bio

the need for your client to have access to specific information concerning the agreement.  With that in mind, we have revisited the documents that are the subject of Crusoe's Motion to Restrict Access and have outlined our proposed approach to each below.

**Crusoe's Discovery Requests:**  We agree that, in order for Alkane to respond to the requests, you need to be able to share the requests with your client.  That said, our view is that sharing that information with Alkane absent a court order would violate the confidentiality provision in the Agreement because the requests identify the parties to the agreement and certain terms (i.e., the location at which services were to be provided).  That said, we will not oppose Alkane's request for an order requiring Crusoe to provide the following discovery requests to Alkane and its counsel without restriction:  Crusoe's First Set of Requests for Production (Dkt. 12), (2) Crusoe's First Set of Requests for Admission (Dkt. 12-1), (3) Crusoe's First Set of Interrogatories (Dkt. 12-2), and (4) Crusoe's Deposition Topics (Dkt. 12-3).   Because discovery requests are not typically filed publicly (and we do not see a reason to do so here) we do not believe it is necessary to publicly file these documents.

**Sealed Exhibits:**

- **Exhibit 3 to the Complaint (Dkt. 8):**  This exhibit is the confidential November 2021 Agreement Between Crusoe and ▮▮▮▮▮.  As explained above, our view is that the confidentiality provision in this Agreement prohibits disclosure (publicly or to Alkane) absent a court order.  We will not oppose Alkane's request for such an order, provided it allows for redaction of the most sensitive competitive and financial information.  The attached version of the document includes our proposed redactions highlighted in yellow.  Given that the redacted information is sensitive competitive and financial information, our view is that it should also be subject to AEO restrictions.
    - Note:  Following our call earlier this week, we investigated the errors with the DocuSign signatures and obtained a copy in which all signatures display properly.  The attached version of this exhibit is a corrected version of Ex. 3 to the Complaint, which we plan to file with the Court.

- **Exhibit 4 to the Complaint (Dkt. 8-1) / Exhibit A to the Motion for TRO (Dkt. 10):**  This exhibit (which is attached to both the Complaint and Motion for TRO) is the Declaration of Charles Cavness.  As explained above, our view is that the confidentiality provision in the Agreement prohibits disclosure of information relating to the Agreement (publicly or to Alkane) absent a court order.  We will not oppose Alkane's request for such an order, provided it allows for redaction of the most sensitive competitive and financial information.  The attached version of the document includes our proposed redactions highlighted in yellow.  Given that the redacted information is sensitive competitive and financial information, our view is that it should also be subject to AEO restrictions.

- **Exhibit 5 to the Complaint (Dkt. 8-2)**: This exhibit is an email between Charles Cavness and third parties that discloses information relating to the confidential Agreement.  As explained above, our view is that the confidentiality provision in the Agreement prohibits disclosure of information relating to the Agreement (publicly or to Alkane) absent a court order.  We will not oppose Alkane's request for an order requiring public filing of this document.

Please let us know if you would like to arrange a time to discuss these issues.

Thanks,

**Stephanie DeBrow** | Partner
Norton Rose Fulbright US LLP
Tel +1 512 536 3094
stephanie.debrow@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

**From:** Sugden, Ryan <Ryan.Sugden@stinson.com>
**Sent:** Wednesday, August 31, 2022 2:04 PM
**To:** Brett C. Govett <brett.govett@nortonrosefulbright.com>
**Cc:** Stephanie DeBrow <stephanie.debrow@nortonrosefulbright.com>; Schroeder, John R. <john.schroeder@stinson.com>
**Subject:** Conferral on motion to restrict

**[External Email – Use Caution]**

Brett:

The Court ordered us to confer on the motion to restrict. As previously discussed, it appears we agree that redactions are appropriate, and the remainder of the currently-restricted documents can be made publicly available. Could you please send over the currently restricted documents with your proposed redactions? Also, could you please identify in those redactions any that you believe should be AEO?

As the court noted, a Level 1 restriction is distinct from an AEO restriction, which is governed by a protective order. We agree to the entry of a protective order. However, we need to move forward prior to the court entering a protective order. Specifically, we need to provide our client the pleadings and discovery requests you have propounded. Will Crusoe agree that we may make the un-redacted discovery requests and any pleading that does not contain an AEO redaction to our client pending the court's entry of a protective order?

Feel free to call to discuss.

**Ryan M. Sugden**
Partner

STINSON LLP
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Direct: 303.376.8405 \ Bio