**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:22-cv-02142-NYW

CRUSOE ENERGY SYSTEMS LLC, a Delaware limited liability company,

    Plaintiff,

v.

ALKANE MIDSTREAM LLC, a Delaware limited liability company,

    Defendant.

**DEFENDANT ALKANE MIDSTREAM LLC'S OPPOSITION TO PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S MOTION FOR EXPEDITED DISCOVERY [ECF 11]**

Defendant Alkane Midstream LLC opposes Plaintiff Crusoe Energy System LLC's expedited discovery requests because they are overbroad, not relevant to Crusoe's request for preliminary injunction, and impose an undue burden on Alkane at this early stage in the proceedings. The Court should greatly limit the discovery Crusoe can conduct and should provide reasonable time for it to be completed.

**BACKGROUND**

This case concerns Crusoe's allegation that Alkane infringes on three of Crusoe's patents, which has allegedly caused Crusoe to lose one customer in Colorado. *See* ECF No. 27 ¶ 43; ECF No. 9 pp. 12-13. The patented technology in question—a so-called Digital Flare Mitigation system—was allegedly conceived when Crusoe's founders went hiking in 2018. ECF No. 27 ¶ 20.

As Alkane's response to Crusoe's motion for temporary restraining order describes, Alkane provides power and alternative fuel solutions to oil and gas producers in the United States. It does

so by Alkane extracting and monetizing natural gas liquids ("NGLs") from stranded natural gas before liquefying the remaining residue gas ("LNG"). It also has processes by which the stranded natural gas and/or its products are used as fuel to power generators that generate high-voltage electricity for various uses. Often, oil and gas extractors use the electricity to power their existing extraction activities. In other cases, the electricity is used by third-parties for other uses, such as cloud computing. As the evidence will show, Alkane does not infringe on Crusoe's patents.

Crusoe started this action on August 22, 2022. In quick succession, it filed a complaint, motion for temporary restraining order and preliminary injunction, motion for expedited discovery, and motion to restrict access. ECF Nos. 1, 9, 11, and 13. In its motion for expedited discovery, Crusoe asks the Court to approve Crusoe using every permissible form of civil discovery: early Rule 26 disclosures, ten interrogatories, requests for production and requests for admission, a request for multiple inspections, two fact witness depositions, and one corporate deposition of Alkane (with ten topics). Crusoe demands responses to written discovery (interrogatories, requests for production, requests for admission, request to inspect) in seven days, and it seeks to complete discovery in one month. Meanwhile, Crusoe restricted access to all its discovery requests to Alkane's outside counsel only, *see* ECF No. 13, which it only agreed to modify on September 6, 2022, meaning that Alkane's client representatives and inside counsel have seen the discovery requests for a matter of *hours* before Alkane was required to respond to this motion.

As provided below, Alkane opposes the scope of the discovery Crusoe seeks (overbroad requests not related to the preliminary injunction) and the speed in which Crusoe seeks to take it (seven days for written responses and a month total for all discovery).

2

# ARGUMENT

## I. Crusoe must establish good cause for the expedited discovery.

The Court has discretion to permit expedited discovery if there is "good cause." *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "To determine whether good cause exists, the Court should examine the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances, which may include consideration of: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Denver Homeless Out Loud v. Denver, Colo.*, No. 20-CV-2985-WJM-SKC, 2020 WL 6585795, at *2 (D. Colo. Nov. 10, 2020) (quotation omitted). The breadth, burden and purpose of Crusoe's discovery requests counsel against allowing Crusoe to take the amount and type of discovery it seeks.

"In applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery." *Id*. at 420. Where expedited discovery is sought in connection with early injunctive relief, the "[e]xpedited discovery should be limited [ ] and narrowly tailored to seek information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-CV-03075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011). Courts in this district have denied expedited discovery when it sought information not narrowly tailored to the injunctive relief requested and was unduly burdensome. *Denver Homeless Out Loud*, 2020 WL 6585795, at *7.

3

**II.    Crusoe's proposed requests are overbroad and not tailored to its preliminary injunction motion.**

The amount of discovery Crusoe seeks on an expedited basis belies its claim that it seeks only "limited discovery." ECF No. 11 p. 2.

First, Crusoe requests to "inspect, survey, videotape and photograph Alkane's site layout and operations at *each location* where Alkane has *at any time* or is currently performing Bitcoin mining operations, including but not limited to the Surprise 4 Pad. . . ." ECF No. 12 (emphasis added). This request covers the entire United States, is unlimited in time, and is untethered to the preliminary injunction.

Second, Crusoe requests that Alkane produce a veritable mountain of documents. Crusoe seeks:

- "All Documents and Communications that demonstrate, illustrate, explain or describe the creation and development" and "design and operation of the Accused Product," which encompasses years of materials. ECF No. 12 at RFP 1-2.[1]

- "All Documents and Communications evidencing, regarding, reflecting, or relating to the Accused Product's use or employment of natural gas to generate electricity," and "any change or modification to the design and/or operation of the Accused Product since November 1, 2019." ECF No. 12 at RFP 7 & 9.

- "All Documents and Communications between You and any third-party . . . regarding Crusoe" and "the Asserted Patents." ECF No. 12 at RFP 5-6.

In essence, Crusoe seeks through expedited discovery virtually every document in

---

[1] In conferrals, Crusoe offered to limit this request to "documents sufficient to show."

4

existence concerning the "Accused Product," which is defined as "Alkane Midstream LLC's flare-gas powered distributed computing system." The requests are overbroad, unduly burdensome and not "narrowly tailored" to Crusoe's request for preliminary injunction. *Avaya*, 2011 WL 9293, at *2.

Third, Crusoe seeks to propound interrogatories and requests for admission, depose two fact witnesses, and take Alkane's corporate deposition. These requests appear calculated to compel Alkane to take factual positions before it has had the opportunity to review the facts, evaluate Crusoe's claims, and analyze potential defenses. *See Pod-Ners, LLC v. N. Feed & Bean of Lucerne Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) ("Expedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel," and finding risk not present because "plaintiff does not seek answers to interrogatories") (quotation omitted); *Avaya*, 2011 WL 9293, at *2 (denying expedited discovery request to inspect unspecified lands and request to conduct Rule 30(b)(6) deposition).

Crusoe's proposed Rule 30(b)(6) deposition topics include the "creation and development" and "design and operation of the Accused Product," the "building process, site design, or set-up of equipment comprising the Accused Product ***at any site in the United States***," and the "Accused Product's use or employment of Natural Gas to generate electricity," every "change or modification" to the Accused Product since November 1, 2019, and all communications concerning Crusoe (unlimited by time or subject matter) or Asserted Patents (unlimited by time or subject matter). ECF No. 12-3 (emphasis added). The deposition notice reads like what Alkane could expect to receive in middle of ordinary litigation, and not the "limited discovery" that Crusoe

5

purports to conduct.

Crusoe's interrogatories are similarly overbroad and burdensome for expedited discovery. Crusoe asks Alkane to identify every "offer for sale or sale of the Accused Product(s)," which is necessarily backwards-looking, to identify every change or modification of "the Accused Product" since November 1, 2019, to produce a claim chart, to describe "in detail the design and/or set-up of the Accused Product(s)" at every site where it is deployed, and to explain how Alkane became aware of Crusoe's "products" and the Asserted Patents. ECF No. 12-2 at Interrogatories 2, 3, 5, 7, 8, and 10.

Crusoe seeks to complete this discovery at a breakneck pace. It requests written responses to interrogatories, requests for production and requests for admission in seven days, inspections also within seven days, and depositions to be completed within one month. This proposed schedule is unduly burdensome on Alkane and is unwarranted. With no preliminary injunction hearing yet scheduled, Crusoe cannot demonstrate any need to complete discovery by early October.

**III.    If the Court permits expedited discovery, it should limit Crusoe's requests and provide greater time to respond.**

If the Court approves any expedited discovery, it should greatly curtail the amount the parties are permitted to conduct.[2] *See Denver Homeless Out Loud*, 2020 WL 6585795, at *8. Specifically, the Court should not allow the parties to take any discovery that is not narrowly tailored to Crusoe's request for preliminary injunction. Further, the parties should be limited to five requests for production, five interrogatories, and one deposition under Rule 30(b)(6) limited to five topics and no more than two hours in duration. This is sufficient to obtain information

---

[2] Alkane requests the right to equally conduct discovery on Crusoe in the event the Court approves expedited discovery.

directly related to the preliminary injunction.

Alkane requests the parties respond to written discovery within 21 days of service and for depositions not to occur for at least 35 days from the date of the order approving expedited discovery. This schedule is reasonable. It provides the parties adequate time to prepare its responses, locate and thoroughly review responsive documents, and prepare witness(es) for examination, all on an accelerated timeline. The Court has not yet scheduled a preliminary injunction hearing, and the parties have adequate time to conduct discovery in a reasonable but accelerated fashion.

## CONCLUSION

Crusoe's proposed expedited discovery requests are overbroad and not narrowly tailored to the preliminary injunction hearing. If the Court finds good cause for expedited discovery, it should greatly limit the discovery the parties are permitted to conduct.

Respectfully submitted this 7th day of September, 2022.

s/ *Ryan M. Sugden*
Ryan M. Sugden
STINSON LLP
1144 Fifteenth St., Suite 2400
Denver, Colorado 80202
Phone:  303.376.8405
Fax No.: 303.578.7985
Email: ryan.sugden@stinson.com

*Attorneys for Defendant Alkane Midstream LLC*