IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-02142-NYW

CRUSOE ENERGY SYSTEMS LLC, a Delaware limited liability company,

    Plaintiff,

v.

ALKANE MIDSTREAM LLC, a Delaware limited liability company,

    Defendant.

**DEFENDANT ALKANE MIDSTREAM LLC'S UNOPPOSED MOTION TO RESTRICT**

Pursuant to D.C.Colo.LCivR 7.2, Defendant Alkane Midstream LLC ("Alkane") moves to restrict public access to redacted portions of the declaration of Ryan Blazei, which was filed in connection with Alkane's response to Plaintiff Crusoe Energy Systems LLC's motion for temporary restraining order. *See* ECF No. 37. Alkane seeks Level 1 restriction because the declaration contains customer names that are subject to a nondisclosure agreement.

**CONFERRAL CERTIFICATE**

Alkane's counsel conferred with Crusoe Energy Systems LLC ("Crusoe"), which does not oppose the redactions in the redacted declaration of Ryan Blazei.

**MOTION TO RESTRICT**

"There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure." *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of*

*Denver Ins. Co.*, No. 18-CV-01897-DDD-NYW, 2020 WL 7979022, at *1 (D. Colo. Nov. 3, 2020). The court has discretion to restrict public access to judicial records if the "right of access is outweighed by competing interests." *Id*. Under Local Rule 7.2, a motion to restrict public access must contain five elements: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought. Each element is addressed below.

**(1)    Identify the document or the proceeding for which restriction is sought.**

Alkane seeks to restrict public access to the unredacted declaration of Ryan Blazei, filed as docket entry 37 in connection with Alkane's opposition to Crusoe's motion for temporary restraining order. *See* ECF No. 37.[1]

**(2)    Address the interest to be protected and why such interest outweighs the presumption of public access.**

Alkane seeks to protect confidential commercial information; specifically, the identity of Alkane's third-party customer whose identity has not previously been publicly disclosed. Alkane

---

[1] Alkane had also filed the declaration of Edward Woods, ECF No. 36, as restricted. However, Alkane no longer seeks to restrict access to this declaration.

has entered into a nondisclosure agreement with the third-party, preventing information from being publicly shared.

**(3)     Identify a clearly defined and serious injury that would result if access is not restricted.**

Alkane has entered into a nondisclosure agreement with the customer preventing information from being disclosed. Revealing this information may also expose Alkane to negative economic injury by alienating a potential customer.

**(4)     Explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question.**

Alkane has employed alternatives to restriction. Concurrent with filing this motion, Alkane will send the Court (via email to chambers) proposed redactions to the declaration of Ryan Blazei, which will allow the remainder of the declaration to be made publicly-available.

**(5)     Identify the level of restriction sought.**

Alkane seeks Level 1 restriction to the unredacted version of the declaration of Ryan Blazei, limiting access to the parties and the Court.

Dated: September 21, 2022            /s/*Ryan M. Sugden*
                                     Ryan M. Sugden
                                     STINSON LLP
                                     1144 Fifteenth St., Suite 2400
                                     Denver, Colorado 80202
                                     Phone:  303.376.8405
                                     Fax No.: 303.578.7985
                                     Email: ryan.sugden@stinson.com

                                     John R. Schroeder
                                     STINSON LLP
                                     7700 Forsyth Boulevard, Suite 1100
                                     St. Louis, Missouri 63105
                                     Phone:  314.345.7023

Fax No.: 314.863.9388
Email: john.schroeder@stinson.com

*Attorneys for Defendant Alkane Midstream LLC*