IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION

| | | |
|---|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | **Civil Action No. 1:22-cv-2142-NYW** |
| **ALKANE MIDSTREAM LLC,** | § § | **Jury Trial Demanded** |
| *Defendant*. | § § § § § § § | **HONORABLE JUDGE NINA Y. WANG** |

**PLAINTIFF CRUSOE ENERGY SYSTEMS LLC'S**
**OPPOSED MOTION FOR LEAVE TO FILE ITS SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Crusoe Energy Systems LLC ("Crusoe") respectfully files this Motion for Leave to File its Second Amended Complaint ("Motion").[1] Crusoe files this Motion to (a) add an infringement claim concerning Crusoe's recently issued U.S. Pat. No. 11,451,059 ("'059 Patent"), and (b) amend the infringement claims concerning U.S. Pat Nos. 10,862,307 ("'307 Patent"); 10,862,309 ("'309 Patent"); and 11,437,821 ("'821 Patent") in light of new information concerning the design and operation of the accused systems that was included in Defendant Alkane Midstream LLC's ("Alkane's") filings in this litigation.

---

[1] For clarity, this Motion is not a response to Alkane's 12(b)(6) motion to dismiss (ECF 57). Crusoe had already prepared this Motion and all supporting documentation prior to Alkane disclosing its intention to file a motion to dismiss. *See* Ex. D at 1-2. On October 4, 2022, Crusoe and Alkane met and conferred regarding the subject of this Motion. *See generally id*. Alkane was aware of this Motion, the Second Amended Complaint, and Dr. Hilbert's amended infringement charts (and the potential effect of these documents on its motion to dismiss) prior to Alkane's October 7th filing.

## I. BACKGROUND

On August 22, 2022, Crusoe filed its Original Complaint alleging infringement of the '307 and '309 Patents by certain flare gas mitigation products and services offered by Alkane (the "Accused Systems"). *See generally* ECF 1. On September 6, 2022, Crusoe filed its First Amended Complaint, pursuant to Fed. R. Civ. P. 15 (a)(1), alleging that the Accused Systems also infringe the '821 Patent, which issued on September 6, 2022. *See generally* ECF 27-10 at (45). Thereafter, on September 20, 2022, the '059 Patent issued. *See* Ex. A at (45). Based on the information currently available to Crusoe regarding the Accused Systems, Crusoe believes those systems also infringe the '059 Patent.

Since Crusoe filed its Original and First Amended Complaints, Alkane has filed pleadings and factual declarations in support thereof that include additional, non-public information about the design and operation of the Accused Systems. *See* ECF 35-37; ECF 51.

In light of these developments, Crusoe files this Motion seeking leave to file its Second Amended Complaint in order to (a) assert the newly issued '059 Patent, and (b) amend the infringement claims concerning the '307, '309, and '821 Patents.

## II. LEGAL STANDARD

"If a party files a motion to amend prior to the expiration of the deadline for joinder of parties and amendment of pleadings, Rule 15(a) alone governs whether to grant the movant leave to amend." *Extraction Oil & Gas, Inc. v. City & Cnty. of Broomfield*, No. No. 1:20-CV-02779-RM-NYW, 2022 WL 703910, at *3 (D. Colo. Mar. 9, 2022) (Wang, J.) (citing *Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000)). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."

Under Rule 15(a) "[a] general presumption exists in favor of allowing a party to amend its pleadings and the non-moving party bears the burden of showing that the proposed amendment is improper." *Overhead Solutions v. A1 Garage Door Serv.*, No. 1:19-cv-01741-PAB-NYW, 2021 U.S. Dist. LEXIS 160353[2], *7 (D. Colo. May 5, 2021) (Wang, J.) (internal citations omitted) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)), report and recommendation adopted, 2021 WL 3732764 (D. Colo. Aug. 24, 2021). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

### III.   ARGUMENT

Justice favors allowing Crusoe to amend its pleadings to assert the newly issued '059 Patent and to account for newly obtained information concerning the design and operation of the Accused Systems. As explained below, Crusoe has not unduly delayed seeking leave to amend, there is no undue prejudice to Alkane given that the scope of the Accused Products remains unchanged, and Crusoe is not acting in bad faith or with dilatory motive. *See id.*; *Foman*, 371 U.S. at 182.

#### A.   **Crusoe Has Not Unduly Delayed or Acted With Dilatory Motive.**

Crusoe could not have asserted the '059 Patent in its Original or First Amended Complaints because the patent had not yet issued at the time those pleadings were filed. Likewise, Crusoe's prior pleadings could not have included the non-public information disclosed by Alkane

---

[2] No Westlaw citation available.

concerning the Accused Systems because that information was not available to Crusoe until after the Original and First Amended Complaints were filed.

Following the issuance of the '059 Patent on September 20, 2022, Crusoe acted diligently and without undue delay to prepare its amended pleadings concerning the '059 Patent. *See Zvelo, Inc. v. Sonicwall, Inc.*, No. 1:06-cv-00445-PAB-KLM, 2012 WL 2872115, at *4 (D.Colo. July 12, 2012) (Mix, M.J.) ("[T]he Court has determined that permitting amendment will not unduly prejudice Defendant, and the Court does not agree that waiting one month after the issuance of the '909 Patent, even with prior knowledge that the patent would issue, demonstrates a lack of diligence by Plaintiff."). Similarly, following receipt of Alkane's September 7, 2022 (ECF 35-37) and September 22, 2022 (ECF 44, 51) filings, Crusoe acted diligently to analyze this information and prepare its amended pleadings concerning the '307, '309, and '821 Patents. *See Overhead Solutions*, 2021 U.S. Dist. LEXIS 160353[3] at *10-11 (under Rule 16, moving party acted with diligence filing its motion to amend "one and a half months after learning this [new] information.") (citing *Mackey v. Watson*, No. 1:17-cv-01341-CMA-STV, 2019 U.S. Dist. LEXIS 130435, 2019 WL 3543624, at *10 (D. Colo. Aug. 5, 2019)).

B.   **Crusoe's Amended Pleadings Are Not Unduly Prejudicial**

There is no undue prejudice to Alkane as result of Crusoe's amended pleadings because Crusoe's amended allegations relate to the same Accused Products and arise from the same course of conduct as the infringement claims in Crusoe's Original and First Amended Complaints. *See Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding prejudice when the amended claim(s) arise from a different subject matter than previously raised in the complaint and presents

---

[3] No Westlaw citation available.

significant new factual issues). Further, given the early stage of the litigation, allowing Crusoe to amend its infringement allegations will not unfairly impact Alkane's ability to prepare its defenses. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) ("Courts typically find prejudice only when the amendment unfairly affects the defendants in 'terms of preparing their defense to the amendment.'") (quoting *Patton*, 443 F.2d at 86).

### C. Crusoe's Motion is Made in Good Faith.

Crusoe's Motion for Leave is not made in bad faith. Rather, following the issuance of the '059 Patent and Alkane's disclosure of non-public information concerning the Accused Systems, Crusoe acted diligently and in good faith to prepare amended pleadings based on the newly issued '059 Patent and the newly disclosed information concerning the design and operation of the Accused Systems. Moreover, none of the circumstances under which bad faith could be inferred are applicable. *See Estate of Roemer v. Shoaga*, No. 1:14-cv-01655-PAB-NYW, 2016 U.S. Dist. LEXIS 185527, *36-38, 2016 WL 11184883 (D. Colo. Oct. 26, 2016) (Wang, J.) (collecting cases), report and recommendation adopted, 2017 WL 1190558 (D. Colo. Mar. 31, 2017), (discussing scenarios where bad faith can be inferred).

### IV. CONCLUSION

Respectfully, for the reasons explained this Court should grant leave to allow Crusoe to file its Second Amended Complaint to (a) assert the newly issued '059 Patent, and (b) amend the infringement claims concerning the other asserted patents in light of new, non-public information provided by Alkane.

- 6 -

| | |
|---|---|
| Dated: October 10, 2022 | Respectfully submitted, |

/s/ Brett C. Govett
Brett C. Govett

**NORTON ROSE FULBRIGHT US LLP**

Brett C. Govett
brett.govett@nortonrosefulbright.com
Taylor Shields
taylor.shields@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:	(214) 855-8120
Facsimile:	(214) 855-8200

Stephanie DeBrow
stephanie.debrow@nortonrosefulbright.com
Daniel Shuminer
Colorado State Bar No. 53994
daniel.shumniner@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone:	(512) 563-3094
Facsimile:	(512) 536-4598

*Attorneys for Plaintiff Crusoe Energy Systems LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 10 , 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

/s/ *Brett C. Govett*
Brett C. Govett

## CERTIFICATE OF CONFERENCE - D.C.COLO.LCivR 7.1

On October 4, 2021, Crusoe's counsel requested Defendant's consent to amend its operative pleading. *See* Ex. D at 4. Crusoe's counsel conferred with Alkane's counsel concerning the motion for leave. Alkane opposes the motion.

/s/ *Brett C. Govett*
Brett C. Govett

## CERTIFICATE OF COMPLIANCE - D.C.COLO.LCivR 15.1

Per D.C.COLO.LCivR 15.1 attached as Exhibit B is a redline copy of the proposed amended or supplemental pleading.

/s/ *Brett C. Govett*
Brett C. Govett