**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
DENVER DIVISION**

| | | |
|---|---|---|
| **CRUSOE ENERGY SYSTEMS LLC,** | § § § | |
| Plaintiff, | § § | Civil Action No. 1:22-CV-2142-NYW-STV |
| v. | § § | |
| **ALKANE MIDSTREAM LLC,** | § § | **HONORABLE JUDGE NINA Y. WANG** |
| Defendant. | § § § | **HONORABLE JUDGE SCOTT T. VARHOLAK** |

<u>**CRUSOE ENERGY SYSTEMS LLC'S ANSWER AND DEFENSES TO ALKANE MIDSTREAM LLC'S COUNTERCLAIMS**</u>

Plaintiff/Counterclaim-Defendant Crusoe Energy Systems LLC ("Crusoe"), responds to the Counterclaims filed by Defendant/Counterclaim-Plaintiff Alkane Midstream LLC ("Alkane") (ECF 74) as follows:

## GENERAL DENIAL

Crusoe denies each and every allegation contained in the Counterclaims, including all allegations in any titles or unnumbered paragraphs, unless expressly admitted in the following paragraphs. In particular, Crusoe denies invalidity of any asserted claim of U.S. Pat. Nos. 10,862,307 (the "'307 Patent"), 10,862,309 (the "'309 Patent"), 11,437,821 (the "'821 Patent"), and 11,451,059 (the "'059 Patent") (collectively, "Asserted Patents") and denies that Alkane is entitled to the relief requested and/or any other relief. Each of the paragraphs below corresponds to the same-numbered paragraph in the Counterclaims. Any admitted factual allegation(s) below is admitted only as to the specific admitted fact(s), and not as to any purported conclusion, characterization, implication, or speculation that may follow from the fact(s) as admitted.

## PARTIES

1. Crusoe admits the allegations in paragraph 1.

2. Crusoe admits it has a place of business 1641 California Street, Floor 4, Denver, Colorado 80202. Crusoe denies the remaining allegations in paragraph 2.

## PRELIMINARY STATEMENT

3. Crusoe admits that Alkane's Counterclaims purport to state claims for declaratory judgment of invalidity of the Asserted Patents arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including Title 35 United States

Code. The remaining allegations contain legal conclusions to which no response is required. To the extent a response is required, Crusoe denies the remaining allegations in paragraph 3.

4. Crusoe admits that Alkane's Counterclaims purport to state claims for tortious interference with contractual relations and prospective economic advantage, but denies that Alkane's pleadings are sufficient to state a claim for relief under those causes of action.

## JURISDICTION

5. Crusoe admits that Alkane's invalidity Counterclaims purport to arise, in part, under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including Title 35 U.S.C. § 1, *et seq*.

6. The allegations in paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe does not dispute that this Court has jurisdiction over Alkane's Counterclaims.

7. The allegations in paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe does not dispute that this Court has jurisdiction over Alkane's Counterclaims.

8. Crusoe admits that its Second Amended Complaint against Alkane was filed in this District alleging that Alkane has and continues to infringe the Asserted Patents. The remaining allegations in paragraph 8 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe does not dispute personal jurisdiction in this Court.

## VENUE

9. Crusoe admits that its Second Amended Complaint against Alkane was filed in this District alleging that Alkane has and continues to infringe the Asserted Patents. The remaining allegations in paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe does not dispute venue in this Court.

## THE PATENTS AT ISSUE

10. Crusoe admits the '307 Patent is entitled "Systems and Methods for Generating and Consuming Power from Natural Gas," names Charles Cavness, Chase Lochmiller, and Kenneth Parker as the inventors, and on its face states an issue date of December 8, 2020. There was no Exhibit A attached to Alkane's Answer and Counterclaims (ECF 74); thus, Crusoe denies that Exhibit A is a true and correct copy of the '307 Patent.

11. Crusoe admits the allegations in paragraph 11.

12. Crusoe admits the '309 Patent is entitled "Systems and Methods for Generating and Consuming Power from Natural Gas," names Charles Cavness, Chase Lochmiller, and Kenneth Parker as the inventors, and on its face states an issue date of December 8, 2020. There was no Exhibit B attached to Alkane's Answer and Counterclaims (ECF 74); thus, Crusoe denies that Exhibit B is a true and correct copy of the '309 Patent.

13. Crusoe admits the allegations in paragraph 13.

14. Crusoe admits the '821 Patent is entitled "Systems and Methods for Generating and Consuming Power from Natural Gas," names Charles Cavness, Chase Lochmiller, and Kenneth Parker as the inventors, and on its face states an issue date of September 6, 2022.

15. Crusoe admits the allegations in paragraph 15.

16. Crusoe admits the '059 Patent is entitled "Systems and Methods for Generating and Consuming Power from Natural Gas," names Charles Cavness, Chase Lochmiller, and Kenneth Parker as the inventors, and on its face states an issue date of September 20, 2022.

17. Crusoe admits the allegations in paragraph 17.

### EXISTENCE OF AN ACTUAL CONTROVERSY

18. The allegations in paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe does not dispute the existence of an actual controversy between the parties.

19. Crusoe's pleadings in this action—including its Complaint, First Amended Complaint, and Second Amended Complaint—speak for themselves; thus Crusoe denies the allegations in paragraph 19 to the extent inconsistent therewith.

20. The allegations in paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe does not dispute the existence of an actual and justiciable controversy between the parties.

21. Crusoe denies the allegations in paragraph 21.

### VALIDITY OF THE '307, '309, '821, AND '059 PATENTS

22. Crusoe denies the allegations in paragraph 22.

23. Crusoe denies the allegations in paragraph 23.

24. Claim 1 of the '307 Patent speaks for itself. Crusoe denies the allegations in paragraph 24 to the extent inconsistent with and/or not reflective of the plain language of Claim 1 of the '307 Patent.

25. Crusoe denies the allegations in paragraph 25.

26. Claim 1 of the '309 Patent speaks for itself. Crusoe denies the allegations in paragraph 26 to the extent inconsistent with and/or not reflective of the plain language of Claim 1 of the '309 Patent.

27. Crusoe denies the allegations in paragraph 27.

28. Claim 1 of the '821 Patent speaks for itself. Crusoe denies the allegations in paragraph 28 to the extent inconsistent with and/or not reflective of the plain language of Claim 1 of the '821 Patent.

29. Crusoe denies the allegations in paragraph 29.

30. Claim 1 of the '059 Patent speaks for itself. Crusoe denies the allegations in paragraph 30 to the extent inconsistent with and/or not reflective of the plain language of Claim 1 of the '059 Patent.

31. The specification of the '307 Patent speaks for itself. While Crusoe admits that the quoted language included in paragraph 31 appears in the specification of the '307 Patent, Crusoe denies the allegations in paragraph 31 to the extent inconsistent with the specification of the '307 Patent.

32. The specification of the '307 Patent speaks for itself. Crusoe admits that the quoted language included in paragraph 32 appears in the specification of the '307 Patent, though out of

context. Crusoe denies the allegations in paragraph 32 to the extent inconsistent with the specification of the '307 Patent.

33. Crusoe denies the allegations in paragraph 33.

34. Crusoe denies the allegations in paragraph 34.

35. Both U.S. Pat. Pub. No. 2020/0051184A1 and Crusoe's pleading speak for themselves; thus, no response is required. Crusoe denies the allegations in paragraph 35 to the extent inconsistent with these documents.

36. Crusoe denies the allegations in paragraph 36.

37. Crusoe denies the allegations in paragraph 37.

38. Crusoe denies the allegations in paragraph 38.

39. The intrinsic record for the '307 Patent speaks for itself. Crusoe denies the allegations in paragraph 39 to the extent inconsistent therewith.

40. The intrinsic record for the '307 Patent speaks for itself. Crusoe denies the allegations in paragraph 40 to the extent inconsistent therewith.

41. Crusoe denies the allegations in paragraph 41.

42. Crusoe denies the allegations in paragraph 42.

43. Crusoe is without information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 and therefore denies them.

44. Crusoe admits that its Digital Flare Mitigation® systems employ power generation equipment manufactured by third-parties. The remaining allegations in paragraph 44 are unfairly vague, and thus Crusoe is without information sufficient to form a belief as to the truth of the remaining allegations. Accordingly, Crusoe denies the remaining allegations in paragraph 44.

45. The article referenced in paragraph 45 speaks for itself, thus no response is required. Crusoe denies any implication that the article is prior art and that the quoted portion is in context or is applicable to the claims at issue.

46. The intrinsic record for the '309 Patent speaks for itself. Crusoe denies the allegations in paragraph 46 to the extent inconsistent therewith.

47. The intrinsic record for the '309 Patent speaks for itself. Crusoe denies the allegations in paragraph 47 to the extent inconsistent therewith.

48. Crusoe denies the allegations in paragraph 48.

49. Crusoe denies the allegations in paragraph 49.

**CRUSOE'S BAD FAITH ASSERTION OF OBJECTIVELY BASELESS PATENT INFRINGEMENT ALLEGATIONS**

50. Crusoe admits it filed a patent infringement lawsuit and a motion seeking a temporary restraining order and preliminary injunction against Alkane. Crusoe denies the remaining allegations in paragraph 50.

51. Crusoe denies the allegations in paragraph 51.

52. The allegations in paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 and therefore denies them.

53. Crusoe admits it filed its Original Complaint and a motion seeking a temporary restraining order and preliminary injunction on August 22, 2022. Crusoe admits that Crusoe and

Alkane communicated before August 22, 2022. Crusoe denies the remaining allegations set forth in paragraph 53.

54. Crusoe's pleadings speak for themselves. Crusoe denies the remaining allegations in paragraph 54.

55. Crusoe's pleadings speak for themselves. Crusoe denies the remaining allegations in paragraph 55.

56. Crusoe denies the allegations in paragraph 56.

57. The asserted claims of the Asserted Patents speak for themselves; thus, no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 57 to the extent inconsistent with the plain language of the asserted claims.

58. Crusoe admits data centers were present at Alkane well sites. Crusoe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 58 and therefore denies them.

59. The allegations in paragraph 59 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 59.

60. Crusoe admits that it has limited knowledge concerning certain entities listed in paragraph 59, including Great American Mining, Cathedra, TypeX, JAI Energy, Upstream Data, and Digital Stream Energy. Crusoe admits that in October 2022 Crusoe announced that it had purchased certain assets from Great American Mining. Crusoe admits that the quoted language in paragraph 60 appears in Crusoe's October 12, 2022 News Release and is correctly attributed to Mr. Lochmiller. Any allegation in paragraph 60 that is not expressly admitted is denied.

61. Crusoe admits that it participates in forums and events with other companies, but Crusoe denies the remaining allegations in paragraph 61.

62. Crusoe admits that it has not filed a patent infringement suit involving the Asserted Patents against any party other than Alkane. Crusoe denies the remaining allegations in paragraph 62.

63. Crusoe denies the allegations in paragraph 63.

64. Crusoe denies the allegations in paragraph 64.

65. Crusoe denies the allegations in paragraph 65.

66. Crusoe denies the allegations in paragraph 66.

67. The asserted claims of the Asserted Patents speak for themselves; thus, no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 67 to the extent inconsistent with the plain language of the asserted claims.

68. Crusoe denies the allegations in paragraph 68.

69. Crusoe denies the allegations in paragraph 69.

70. Crusoe denies the allegations in paragraph 70.

71. The document referenced in paragraph 71 speaks for itself; thus no response is required for allegations relating thereto. Crusoe denies the remaining allegations in paragraph 71.

72. Crusoe denies the allegations in paragraph 72.

73. Crusoe admits that its claim charts do not cite photographs of Alkane's systems as evidence that the systems satisfy claim elements requiring a "an electrical transformation module" or "transforming" step. To the extent the allegations in paragraph 73 are intended to allege that

Crusoe did not cite any evidence that the accused systems satisfy this claim element, Crusoe denies the allegations in paragraph 73.

74. Crusoe denies the allegations in paragraph 74.

75. Crusoe denies the allegations in paragraph 75.

76. Crusoe denies the allegations in paragraph 76.

77. Crusoe denies the allegations in paragraph 77.

78. Crusoe denies the allegations in paragraph 78.

79. Crusoe denies the allegations in paragraph 79.

80. Crusoe denies the allegations in paragraph 80.

81. Crusoe denies the allegations in paragraph 81.

82. Crusoe admits that on October 17, 2022, Crusoe entered into a new agreement with the Colorado Producers. The document memorializing the terms of that agreement speaks for itself, and Crusoe denies the allegations in paragraph 82 to the extent inconsistent therewith.

83. Crusoe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 and therefore denies them.

84. Crusoe denies the allegations in paragraph 84.

85. Crusoe is without knowledge or information sufficient to form a belief as to the truth of the vague allegations set forth in paragraph 85 and therefore denies them.

86. Crusoe is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 and therefore denies them.

87. Crusoe denies the allegations in paragraph 87.

## COUNT ONE

**(Declaratory Judgment of Invalidity of the U.S. Patent No. 10, 862, 307)**

88. Crusoe repeats its answers from paragraphs 1 through 87 above as if fully set forth herein.

89. The allegations in paragraph 89 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 89.

90. Crusoe denies the allegations in paragraph 90.

91. Crusoe denies the allegations in paragraph 91.

## COUNT TWO

**(Declaratory Judgment of Invalidity of the U.S. Patent No. 10, 862, 309)**

92. Crusoe repeats its answers from paragraphs 1 through 91 above as if fully set forth herein.

93. The allegations in paragraph 93 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 93.

94. Crusoe denies the allegations in paragraph 94.

95. Crusoe denies the allegations in paragraph 95.

## COUNT THREE

**(Declaratory Judgment of Invalidity of the U.S. Patent No. 11,437,821)**

96. Crusoe repeats its answers from paragraphs 1 through 95 above as if fully set forth herein.

97. The allegations in paragraph 97 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 97.

98. Crusoe denies the allegations in paragraph 98.

99. Crusoe denies the allegations in paragraph 99.

## COUNT FOUR

### (Declaratory Judgment of Invalidity of the U.S. Patent No. 11,451,059)

100. Crusoe repeats its answers from paragraphs 1 through 99 above as if fully set forth herein.

101. The allegations in paragraph 101 contain legal conclusions to which no response is required. To the extent a response is required, Crusoe denies the allegations in paragraph 101.

102. Crusoe denies the allegations in paragraph 102.

103. Crusoe denies the allegations in paragraph 103.

## COUNT FIVE

### (Tortious Interference with Contract)

104. Crusoe repeats its answers from paragraphs 1 through 103 above as if fully set forth herein.

105. The allegations in paragraph 105 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

106. The allegations in paragraph 106 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

107. The allegations in paragraph 107 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

108. The allegations in paragraph 108 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

109. The allegations in paragraph 109 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

110. The allegations in paragraph 110 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

111. The allegations in paragraph 111 contain legal conclusions and are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

112. The allegations in paragraph 112 contain legal conclusions and are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

113. The allegations in paragraph 113 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

114. The allegations in paragraph 114 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

115. The allegations in paragraph 115 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

116. The allegations in paragraph 116 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

## COUNT SIX

**(Tortious Interference with Prospective Business Advantage)**

117. Crusoe repeats its answers from paragraphs 1 through 116 above as if fully set forth herein.

118. The allegations in paragraph 118 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

119. The allegations in paragraph 119 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe's pleadings speak for themselves, and Crusoe denies the allegations to the extent inconsistent therewith.

120. The allegations in paragraph 120 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

121. The allegations in paragraph 121 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

122. The allegations in paragraph 122 are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

123. The allegations in paragraph 123. are subject to a Motion to Dismiss and, therefore, no response is required. To the extent a response is required, Crusoe denies the allegations.

**DEFENSES**

Subject to the responses above, Crusoe, without waiver, limitation, or prejudice, alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Crusoe does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part. In addition, Crusoe specifically reserves all rights to allege additional defenses that become known through the course of discovery. For its additional defenses to Alkane's Counterclaims, Crusoe alleges as follows and incorporates by reference as if fully set forth herein its responses to paragraphs 1-123:

**FIRST DEFENSE**

124. The Counterclaims fails to plead a plausible claim upon which relief may be granted and/or fails to plead factual allegations with the sufficiency and particularity required to state a plausible claim. The tortious interference counterclaims are barred by the Petition Clause.

**SECOND DEFENSE**

125. Each claim of the Asserted Patents is valid and complies with the requirements of the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD DEFENSE**

126. The Counterclaims and each claim for relief contained therein is barred because Crusoe's actions were reasonable, privileged, and justified.

## FOURTH DEFENSE

127. The Counterclaims fail to state a claim that could support an award of attorneys' fees or costs.

Dated: November 30, 2022

Respectfully submitted,

*/s/ Brett C. Govett*
Brett C. Govett

**NORTON ROSE FULBRIGHT US LLP**

Brett C. Govett
brett.govett@nortonrosefulbright.com
Taylor Shields
taylor.shields@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214)855-8120
Facsimile: (214)855-8200

Stephanie DeBrow
Stephanie.debrow@nortonrosefulbright.com
Daniel Shuminer
Colorado State Bar No. 53994
daniel.shuminer@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone:" (512)563-3094
Facsimile: (512)785-4598

*Attorneys for Plaintiff Crusoe Energy Systems LLC*

- 19 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 30, 2022 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

/s/ *Brett C. Govett*
Brett C. Govett